SARAH A. KORNEGAY, et al v. F. W. KORNEGAY, el al.

*Action to Set Aside Deed—Evidence—Expert Witness, Competency of.*

1. Where, in an action to set aside a deed for land, purporting to have been executed to defendant by one under whose will the plaintiff claimed the same land, the defendant testified to the execution of the deed, it was not error to require the grantee, on cross examination, to state whether the signatures to the will and codicil under which plaintiff claimed were the genuine signatures of the testator and alleged grantor in the deed.

2. A witness who testifies that he has been register of deeds for several years and engaged for many years in mercantile business with opportunities for and in the habit of comparing signatures to writings and that he can, by examining and comparing two signatures, tell whether they were made by the same person, sufficiently qualifies himself as an expert and is competent to testify whether a signature admittedly genuine is the same as one in question.

CIVIL ACTION to set aside a deed upon the ground of forgery, tried before *Graham*, *J.*, and a jury, at August Term, 1895, of DUPLIN Superior Court. There was a verdict for the plaintiff, and from the judgment thereon defendants appealed. The facts are stated in the opinion of Associate Justice FURCHES.

*Mr. A. D. Ward*, for plaintiff.

*Messrs. H. L. Stevens* and *W. R. Allen* for defendants (appellants).

FURCHES, J.:     This  was  an  action  to  set  aside  a deed held by the *feme* defendant from her father, Henry C. Kornegay, conveying a tract of land to her.   Plaintiff claimed the same land under the will of said Henry C. Kornegay and alleged that the deed to the *feme* defendant was a forgery.   There was a verdict and judgment for plaintiff and defendants appealed.

The record presents four exceptions, but neither of them can be sustained.   Both the feme defendant and her husband were examined as witnesses in behalf of defendants as to the execution of the deed.   And on cro-s examination each was shown the will of Henry C. Kornegay and asked the question  whether they  knew the  handwriting and signature of the said Henry, and to state  if the signature to the will and the codicil thereto were not said Henry C. Kornegay's.   To this they each objected, the objection was overruled and each excepted.   They then testified that they were the genuine signatures of the said Henry.   These two  exceptions, presenting  the same question of law, are treated together and must be overruled.

Defendant introduced Henry C. Moore and L. B. Carr as expert witnesses as to handwriting.   The witness Moore testified that he had been register of deeds for ten years and engaged in mercantile business for forty years; that he was in the habit of comparing signatures to writings and could give an opinion satisfactory to himself in regard to the same.   He was then shown the defendant's deed and the will and codicil thereto, and asked if they were in the same handwriting.   Defendants objected upon the ground that he had not qualified himself, the objection was over-

ruled and defendants excepted. Witness then testified that the signature to the deed was in a different handwriting from the signatures to the will and codicil. The witness Carr testified that he had been register of deeds for two years and had been clerk in a store and merchant for 15 or 20 years; that he had frequent occasions to examine and compare handwritings, and that he could by examining and comparing two signatures tell whether they were made by the same person or not. He was then shown the deed and the will and codicil and asked if the signatures were in the same handwriting. Defendants objected upon the ground that witness had not qualified himself as an expert, the objection was overruled and the defendants excepted. Witness then testified that the deed was in a different handwriting from the will and codicil. These two exceptions present the same question and are treated together, and must be overruled. *State* v. *DeGraff*, 113 N. C., 688. These witnesses had qualified themselves as experts, and defendants admitting on their cross examination that the signatures to the will and codicil were genuine signatures of the testator Henry C. Kornegay, they were proper subjects to be used in comparing the deed with them. *State* v. *DeGraff, supra; Tunstall* v. *Cobb*, 109 N. C., 316. There is no error.

Affirmed.